UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| NICOLE S.,[1] | : Case No. 2:23-cv-2478 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[2]

Plaintiff Nicole S. brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record. (Doc. #7).

**I.   Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on February 26, 2021, alleging disability due to several impairments, including "Pseudo Tumors; Anxiety; Depression; High Blood Pressure." (Doc. #7-4, *PageID* #119).  After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Matthew Winfrey.  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since February 26, 2021. |
| Step 2: | She has the severe impairments of "bipolar, depressive, anxiety, neurodevelopmental, and trauma- and stressor-related disorders." |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "perform[ing] work activity at all exertional levels without physical functional limitations or restrictions. Mentally, [Plaintiff] retains the capacity to perform routine tasks with no production rate pace, such as one has with assembly line work. She can tolerate occasional, superficial interaction with co-workers and supervisors, with superficial defined in this case as limited to the straightforward exchange of information without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision, and she cannot interact with members of the general public. She can tolerate occasional changes in work duties and settings." |
| | She is unable to perform any of her past relevant work. |
| Step 5: | She could perform a significant number of jobs that exist in the national economy. |

(Doc. #7-2, *PageID* #s 42-62).  Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability.  *Id.* at 62.

2

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 40-62), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10).  To the extent that additional facts are relevant, they will be summarized in the discussion section below.

II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).  It is "less than a preponderance but more than a scintilla."  *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

III.    **Discussion**

Plaintiff contends in her single Assignment of Error that, while the "ALJ found that 'the evidence contains statements as to the claimant's ability to work and/or disability, without

3

assessing corresponding physical functional limitations,'" the ALJ provided no analysis after "seemingly reject[ing] this information, noting that 'physical functional limitations and restrictions' are not included, so these statements are 'inherently neither valuable nor persuasive.'" (Doc. #8, *PageID* #996) (citing Doc. #7-2, *PageID* #59).  She argues that the ALJ's analysis was improper and constitutes reversible error because "it would not make sense for mental limitation to always result in physical impairment, and that the ALJ's insistence that statements regarding mental health are not valuable or persuasive without contemporaneous physical restrictions is incorrect." (Doc. #8, *PageID* #996).

The Commissioner concedes that the ALJ wrote "one erroneous or illogical sentence" but maintains that "the ALJ properly determined that a statement from a medical source that Plaintiff was disabled was accurately considered by the ALJ to be 'inherently neither valuable nor persuasive' as required by the regulations." (Doc. #10, *PageID* #1002) (citing 20 C.F.R. § 416.920b(c)).  Therefore, the "ALJ did not commit any reversible error and this case should be affirmed."  *Id*.

The portion in question from the ALJ's decision states as follows:

> It is noted that the evidence contains statements as to [Plaintiff's] mental abilities to work and/or disability, without assessing corresponding physical limitations and restrictions (Exhibit 8F/23). However, under 20 CFR 416.920(b)(c), statements on issues reserved to the Commissioner that would direct our decision, such as statements that [Plaintiff] is or is not able to work or disabled, are inherently neither valuable nor persuasive, and we will not provide any analysis about how we considered such evidence in our decision, even under 20 CFR 416.920c.

(Doc. #7-2, *PageID* #59).

The exhibit the ALJ cites is from Plaintiff's teletherapy session with master social worker, Emily Malone, MSW, LSW, CDCA, in April 2021.  (Doc. #7-7, *PageID* #s 568-75).  In the session notes, Ms. Malone indicates under an assessment form box labeled "Current employment" that

4

Plaintiff is "disabled," with the further explanation that "[Plaintiff] reports that she started her first job earlier this year, and had to quit after 1 week, due to depression." *Id.* at 573. Ms. Malone's session notes do not contain any discussion or analysis of any physical or mental functional limitations or restrictions and their effect on Plaintiff's ability to work other than the above reference to Plaintiff's statement. (Doc. #7-7, *PageID* #s 568-75).

The undersigned agrees that the first sentence in the above portion of the ALJ's decision is not a model of clarity. However, a review of the cited exhibit and the ALJ's next sentence affirm the ALJ's decision to not provide his analysis. Ms. Malone's session notes consist of a bare assertion that Plaintiff is disabled, based on Plaintiff's statement that she quit work after one week due to her depression. (Doc. #7-7, *PageID* #573). As referenced by the ALJ, when there are no opined physical or mental functional limitations in a medical source, the ALJ is not required to analyze or accept that source's disability finding. *See* 20 C.F.R. § 416.920(b)(c)(3)(i) ("Because the evidence listed in paragraphs (c)(1)–(c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 416.920, [including] statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work.); *Sadler v. Comm'r of Soc. Sec.*, No. 3:19-CV-396, 2021 WL 3578099, at *3 (S.D. Ohio Aug. 13, 2021) (Ovington, M.J.) ("In fact, an ALJ may "reasonably [give] no weight to [a treating physician's] opinion because [the] conclusion that [the plaintiff] is totally disabled is a determination reserved to the Commissioner.") (citing *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 417 (6th Cir. 2020)). Therefore, the ALJ's decision not to provide any analysis of Ms. Malone's session notes in his disability determination was supported by the Social Security Regulations. (Doc. #7-2, *PageID* #59); 20 C.F.R. § 416.920(b)(c)(3)(i).

Plaintiff did not offer any other reasoning or analysis in her Statement of Errors. Accordingly, Plaintiff's sole argument is not well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability decision be **AFFIRMED**; and

2. The case be terminated on the Court's docket.

July 25, 2024                                        *s/Peter B. Silvain, Jr.*
                                                                               Peter B. Silvain, Jr.
                                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).