UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicole S.,

      Plaintiff,

      v.

Commissioner of Social Security,

      Defendant.

Case No. 2:23-cv-2478

Judge Michael H. Watson

Magistrate Judge Silvain, Jr.

## OPINION AND ORDER

Plaintiff objects to the Report and Recommendation ("R&R") issued by the Magistrate Judge in this Social Security case, which recommends overruling Plaintiff's Statement of Specific Errors and affirming the Commissioner of Social Security's non-disability finding.  Obj., ECF No. 11; R&R, ECF No. 11.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to.  Fed. R. Civ. P. 72(b).

Plaintiff raises one argument on objection: the Administrate Law Judge ("ALJ") improperly failed to analyze a mental health provider's treatment note. *See generally*, Obj., ECF No. 12.  She contends the ALJ reasoned that the notes were "inherently neither valuable nor persuasive" because they related only to Plaintiff's mental abilities and lacked "*physical* functional limitations and restrictions."  Obj. at 2, ECF No. 12 (emphasis added).  This reason for failing to

analyze the note is improper, she contends, because mental limitations do not always produce physical impairments. *Id.*

The objection fails because it starts from the wrong premise. Read in context, the ALJ relied on the distinction between issues reserved to the Commissioner versus opinions on limitations and *not* on a distinction between mental and physical limitations. The ALJ's decision first acknowledges that the treatment note contained a mere statement of disability and lacked opinions on limitations or restrictions. It then explained that such blanket conclusions are not entitled to analysis:

> It is noted that the evidence contains statements as to the claimant's mental abilities to work and/or disability, without assessing corresponding physical functional limitations and restrictions (Exhibit 8F/23). However, under 20 CFR 416.920b(c), statements on issues reserved to the Commissioner that would direct [his] decision, such as statements that a claimant is or is not able to work or disabled, are inherently neither valuable nor persuasive, and we will not provide any analysis about how we considered such evidence in our decision, even under 20 CFR 416.920c.

ALJ Dec. at 20, ECF No. 7-2 at PAGEID # 59; Tr. 37.

That is a correct recitation of the law. *See* 20 C.F.R. § 416.920b(c) ("Because the evidence listed in paragraphs ((c)(1)–(c)(3)[)] of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled . . . under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 416.920c[.]"); 20 C.F.R. § 416.920b(c)(3)(i) ("Statements that you are or are not disabled . . . able to work . . . .").

Accordingly, because the citation portion of the at-issue treatment notes merely lists Plaintiff's current employment as "Disabled," *see* Ex. 8F at 23; ECF No. 7-7 at PAGEID 573; Tr. 546, the ALJ provided a proper reason for not analyzing it.

Plaintiff's objection is **OVERRULED**; the R&R is **ADOPTED**; Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT